UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BILLIE MERTES,**<br><br>Plaintiff<br><br>v.<br><br>**INTERNAL REVENUE SERVICE,**<br><br>Defendant | **CASE NO. 1:19-CV-1218 AWI SKO**<br><br>**ORDER REGARDING SCHEDULING ORDER, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DEFENDANT'S MOTION FOR *IN CAMERA* REVIEW, and ORDER VACATING MAY 4, 2020 HEARING**<br><br>(Doc. Nos. 11, 14, 15) |

    This is a Freedom of Information Act case brought by Plaintiff Billie Mertes against the United States Internal Revenue Service ("IRS").

    On December 18, 2019, a scheduling order was entered in which a briefing schedule for cross-motions for summary judgment was established. See Doc. No. 11. Pursuant to the scheduling order, the IRS was to file its motion for summary judgment on February 18, 2020, Plaintiff was to file her motion on March 19, 2020, and both motions would be heard on May 4, 2020. See id.

    On February 18, 2020, the IRS filed a motion for summary judgment that was supported by heavily redacted exhibits. See Doc. No. 14. The IRS contends that 5 U.S.C. § 552(b)(7) ("Exemption 7") applies to defeat Plaintiff's FOIA request. Also on February 18, 2020, the IRS filed a motion for *in camera* review. See Doc. No. 15. The motion requests that the Court accept *in camera* unredacted evidence and additional declarations that will establish the applicability of Exemption 7. See id. The IRS explains that publicly establishing the applicability of Exemption 7 will have the effect of publicly disclosing the protected information, which defeats the entire purpose of Exemption 7.

    Plaintiff filed an opposition to the request for *in camera* review on February 28, 2020.

The IRS's request for *in camera* review has significant consequences. The IRS essentially concedes that its motion for summary judgment as filed is insufficient. Further, Plaintiff's opposition raises a valid point regarding her ability establish her entitlement to the disputed records or undercut the IRS's reliance on Exemption 7, if the Court permits *in camera* review.

Given the pending issues, the Court finds that the scheduling order is not workable. While the Court believes that cross-motions for summary judgment are an appropriate mechanism for resolving a FOIA case, the IRS's motion has created a significant wrinkle. The Court finds that the best way forward at this point is to resolve the request for an *in camera* review first. The Court will set a new briefing schedule for this motion. Once the *in camera* issue is resolved, the Court will either set a new briefing schedule or order the parties to submit a stipulation for a new briefing schedule. Furthermore, because the resolution of the *in camera* issue will affect the IRS's motion for summary judgment, the Court will administratively deny the IRS's pending summary judgment motion without prejudice to refiling after the *in camera* issue has been resolved.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The December 18, 2019 scheduling order is VACATED;
2. The May 4, 2020 cross-motions hearing date is VACATED;
3. Defendant's motion for summary judgment (Doc. No. 14) is administratively DENIED without prejudice;
4. Within fourteen (14) days of service of this order, Defendant may file a supplemental motion for *in camera* review;[1]
5. Within fourteen (14) days of service of the supplemental motion for *in camera* review, Plaintiff shall file a response/opposition;
6. Within ten (10) days of service of Plaintiff's response/opposition, the Defendant shall file a reply; and

---

[1] The supplemental motion should include citation to relevant authorities and may raise additional issues as may be relevant. One additional issue which shall be included is whether the redacted documents/evidence could be filed under seal.

2

7. If, after reviewing the supplemental briefing, the Court determines that a hearing is necessary, then the Court will issue a separate order setting a hearing date at that time.

IT IS SO ORDERED.

Dated: March 2, 2020

_____
SENIOR DISTRICT JUDGE