UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BILLIE MERTES,**<br><br>**Plaintiff**<br><br>v.<br><br>**INTERNAL REVENUE SERVICE,**<br><br>**Defendant** | **CASE NO. 1:19-CV-1218 AWI SKO**<br><br>**ORDER ON DEFENDANT'S MOTION FOR *IN CAMERA* REVIEW**<br><br>(Doc. No. 18) |

This is a 5 U.S.C. § 552 Freedom of Information Act ("FOIA") case brought by Plaintiff Billie Mertes against the United States Internal Revenue Service ("IRS"). Mertes seeks a copy of a United States Gift (and Generation-Skipping Transfer) Tax Form that was used to assess gift taxes against Mertes for the tax year 2012 (the "Mertes Form 709"). The assessed tax was later reversed by the IRS. The IRS acknowledges that the Mertes From 709 exists but claims that a FOIA exception applies and that disclosure is improper. Currently pending before the Court is IRS's motion to submit documents for *in camera* inspection.

*Background*

The Court ordered the IRS to submit this motion in connection with the IRS's motion for summary judgment. See Doc. No. 17. The IRS's motion for summary judgment was significantly redacted, to the point that the motion was clearly insufficient to meet the IRS's burden of establishing that a FOIA exception to disclosure applied. See Doc. Nos. 14, 17. However, the IRS also requested that it be permitted to submit a copy of the Mertes Form 709, as well as unredacted copies of the motion for summary judgment, supporting affidavits, and an additional declaration for *in camera* consideration. See Doc. No. 15.

Mertes strenuously opposed the motion for *in camera* inspection.  See Doc. No. 16.

Following receipt of Mertes's opposition, the Court administratively denied the pending summary judgment motion, ordered the IRS to file a supplemental motion for *in camera* review, and gave Mertes the opportunity to file a response to the supplemental motion.  See Doc. No. 17.

The parties have now submitted their supplemental briefing regarding *in camera* review.

*IRS's Argument*

The IRS explains that it has publicly filed all the information that it can.  Although there is no dispute that the Court may view the Mertes From 709 *in camera*, the IRS argues that the document alone is insufficient to establish FOIA Exemption 7, the "records or information compiled for law enforcement purposes" exception, and that the unredacted motion and supporting affidavits are necessary.  But if unredacted versions of the motion for summary judgment and the supporting declarations are publicly filed, the information contained within those filings would undermine and defeat the purpose of FOIA Exemption 7.  The IRS argues that courts have permitted the filing of various documents *in camera* where a failure to do so would undermine the claimed exemption and other alternatives fail to provide a sufficient basis for decision.

*Mertes's Opposition*

Mertes argues that she does not oppose the submission of the Mertes Form 709 for *in camera* review.  However, there is no legal authority that convincingly supports the submission of the unredacted motion and supporting declarations for *in camera* inspection.  If the IRS submits its "undisputed facts" and reasoning in camera, the Court will not know if those facts are truly undisputed or if contrary legal authority exists.  Mertes argues that she will have to guess at what legal arguments she should posit in opposition and that this amounts to a violation of due process and a gross miscarriage of justice.  The IRS, without more, should not be able to keep secret the facts it relies on, some of the case law it relies on, and the justification and reasoning for relying on the secret cases.

*Legal Standard*

"The FOIA mandates a policy of broad disclosure of government documents when production is properly requested."  Kamman v. IRS, 56 F.3d 46, 48 (9th Cir. 1995).  A United

States agency may withhold a properly requested document only if it falls within one of nine statutory exemptions to the disclosure requirement. Civil Beat Law Ctr. for the Pub. Interest, Inc. v. CDC & Prevention, 929 F.3d 1079, 1084 (9th Cir. 2019); Kamman, 56 F.3d at 48. The nine statutory exemptions are exclusive and construed narrowly. Civil Beat, 929 F.3d at 1084; see Shannahan v. IRS, 672 F.3d 1142, 1148 (9th Cir. 2012); Kamman, 56 F.3d at 48. There is a strong presumption in favor of disclosing a requested document. Civil Beat, 929 F.3d at 1084; Hamdan v. DOJ, 797 F.3d 759, 772 (9th Cir. 2015). Therefore, the United States bears the burden of demonstrating that an exemption applies. Civil Beat, 929 F.3d at 1084; Hamdan, 797 F.3d at 772; Shannahan, 672 F.3d at 1148; Kamman, 56 F.3d at 48. To justify withholding, the United States must provide tailored reasons that reasonably describe the documents and the reasons and facts that establish an exemption; boilerplate and conclusory assertions are insufficient. Shannahan, 672 F.3d at 1148; Kamman, 56 F.3d at 48. However, the United States need not specify in such detail as to compromise the secrecy of the information or undermine the very purpose of withholding. See Lion Raisins, Inc. v. USDA, 354 F.3d 1072, 1082 (9th Cir. 2004); Church of Scientology v. United States Dep't of the Army, 611 F.2d 728, 742 (9th Cir. 1979). The evidence submitted must enable the district court to make an independent assessment of the government's claim of exemption. Lion Raisins, 354 F.3d at 1079; Church of Scientology, 611 F.2d at 742.

In FOIA cases, courts may grant summary judgment solely on the basis of government affidavits. Lion Raisins, 354 F.3d at 1082; see Kamman, 56 F.3d at 48. "Ordinarily, the government must submit detailed public affidavits identifying the documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption." Lion Raisins, 354 F.3d at 1082. Because only the opposing party has access to all the facts, providing this information (known as a "*Vaughn* Index") partially restores the normal adversarial process that is otherwise impossible in FOIA cases. Wiener v. FBI, 943 F.2d 972, 977-78 (9th Cir. 1991). Nevertheless, there may be cases when a "public description of a document and the reasons for exemption may reveal the very information that the government claims is exempt from disclosure." Doyle v. FBI, 722 F.2d 554, 556 (9th Cir. 1983). In such

exceptional circumstances, a court may permit the United States to submit contested documents and explanations that justify withholding those documents to the court for *in camera* review. Lion Raisins, 354 F.3d at 1082-83; Doyle, 722 F.2d 556-57. However, a district court "must require the government to justify FOIA withholdings in as much detail as possible on the public record before resorting to *in camera* review." Lion Raisins, 354 F.3d at 1084; see Doyle, 722 F.2d at 556.

*Discussion*

Initially, there is no objection to the IRS submitting the Mertes Form 709 to the Court for *in camera* review. Thus, the Court will permit the *in camera* submission of that document.

Apart from the Mertes Form 709 itself, the IRS's request for *in camera* inspection is broad. The IRS wishes to submit the unredacted motion for summary judgment, the unredacted supporting affidavit, the unredacted statement of facts, and an additional non-publicly filed declaration that further explains the basis for the claimed exemption. Mertes makes a valid point that the IRS has submitted no cases that have permitted the *in camera* submission of such a broad range of documents. The Court is particularly troubled by the fact that publicly filed documents simply indicate that the IRS is claiming that Exemption 7 (5 U.S.C. § 552(b)(7)) applies. Exemption 7 contains a total of six "sub-exemptions," (A) through (F), any one of which may justify withholding the Mertes From 609. See 5 U.S.C. § 552(7)(b); Prudential Locations, LLC v. United States HUD, 739 F.3d 424, 434 (9th Cir. 2013). By simply publicly citing Exemption 7, the IRS is making Mertes guess as to six, not one, possible reasons for exemption. The IRS is essentially making a general and conclusory public assertion of exemption.

Despite the above, the IRS has now represented through two motions that it cannot provide any further details without compromising the basis for withholding the Mertes Form 709. When a court is satisfied that as much public information has been provided as possible, the Court may order an *in camera* inspection of both a withheld document and supporting declarations. See Lion Raisins, 354 F.3d at 1082-84; Doyle, 722 F.2d at 556-57. If supporting declarations cannot be publicly submitted without undermining a claimed exemption, then it seems a publicly filed summary judgment motion that relies on and quotes from or cites to that declaration would also likely undermine the claimed exemption.

4

Given the IRS's representations in two motions that no further information can be provided publicly, the Court will permit the IRS to attempt to demonstrate that this is an "exceptional case" under *Lion Raisins* and to submit the requested documents for *in camera* review. No other procedure is apparent that does not risk disclosure of information that could otherwise be lawfully withheld. Once the Court receives the documents, the Court will issue any further orders that it decides are appropriate. This may include, as recognized in the IRS's reply, requiring additional information to be publicly disclosed.[1] See Montgomery v. IRS, 356 F.Supp.3d 74, 80 (D. D.C. 2019) ("By reviewing such *in camera* materials, conversely, the Court can closely evaluate the Government's reasoning and then order as much of the materials released as is consistent with the exemption the agency has invoked."). The Court will not immediately rule on the summary judgment motion without providing the parties notice and an additional opportunity to be heard.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to submit documents for *in camera* inspection (Doc. No. 18) is GRANTED;
2. Within twenty-one (21) days of service of this order, the IRS shall submit the unredacted copies of the documents identified in its motion for *in camera* inspection;
3. Once the Court has reviewed the documents *in camera*, it will issue additional orders as discussed above.

IT IS SO ORDERED.

Dated:  June 25, 2020                                        _____
                                                                                SENIOR DISTRICT JUDGE

---

[1] The Court is highly skeptical of the IRS's failure to publicly identify which "sub-exemption(s)" of Exemption 7 that it contends applies to this case. There are published cases that address each of the six "sub-exemptions," meaning that the United States publicly relied on the sub-exemption. See, e.g., Hamdan, 797 F.3d at 768 (addressing a claim for exemptions 7(C), 7(D), and 7(E)); Shannahan, 672 F.3d at 1145 (addressing a claim for exemption 7(A)); Fiduccia v. DOJ, 185 F.3d 1035, 1043 (9th Cir. 1999) (addressing a claim for exemptions 7(C) and 7(F)); Washington Post Co. v. DOJ, 863 F.2d 96, 98 (D.C. Cir. 1988) (addressing a claim for exemptions 7(B) and 7(C)); Dow Jones Co. v. FERC, 219 F.R.D. 167, 174 (C.D. Cal. 2002) (addressing a claim for exemptions 7(A), 7(B), and 7(C)).