# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BILLIE MERTES,**<br><br>**Plaintiff**<br><br>v.<br><br>**INTERNAL REVENUE SERVICE,**<br><br>**Defendant** | **CASE NO. 1:19-CV-1218 AWI SKO**<br><br>**ORDER ON FOR SUPPLEMENTAL INFORMATION AND RENOTICING MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. No. 14) |

This is a 5 U.S.C. § 552 Freedom of Information Act ("FOIA") case brought by Plaintiff Billie Mertes against the United States Internal Revenue Service ("IRS"). Mertes seeks a copy of a United States Gift (and Generation-Skipping Transfer) Tax Form that was used to assess gift taxes against Mertes for the tax year 2012 (the "Mertes Form 709"). The assessed tax was later reversed by the IRS. The IRS acknowledges that the Mertes Form 709 exists but claims that a FOIA exception applies and that disclosure is improper.

On June 26, 2020, the Court granted a request by the IRS, over strenuous objection by Mertes, to review a number of documents *in camera*. Those documents were the Mertes Form 709,[1] an unredacted motion for summary judgment, an unredacted statement of undisputed material facts, an unredacted supporting declaration, and a previously unfiled additional supporting declaration. As part of that order, the Court explained: "Once the Court receives the documents, the Court will issue any further orders that it decides are appropriate. This may include, as recognized in the IRS's reply, requiring additional information to be publicly disclosed. See Montgomery v. IRS, 356 F.Supp.3d 74, 80 (D. D.C. 2019) ("By reviewing such *in*

---

[1] There was no objection to the IRS submitting the Mertes From 709 for *in camera* inspection.

*camera* materials, conversely, the Court can closely evaluate the Government's reasoning and then order as much of the materials released as is consistent with the exemption the agency has invoked.")." Doc. No. 24 (footnote omitted).  The Court also stated that it would "not immediately rule on the summary judgment motion without providing the parties notice and an additional opportunity to be heard." Id.

The IRS has submitted the above described documents to the Court, and the Court has reviewed them *in camera*.  After review, the Court reaches several conclusions.  First, the IRS has not adequately explained why the specific exemption relied upon by the IRS cannot be disclosed. In the Court's order permitting *in camera* inspection, the Court identified a non-exhaustive list of cases within the Ninth Circuit that had discussed and applied in published decisions every "law enforcement" FOIA exemption.  Doc. No. 24 at Footnote 1  The Court understands that the IRS has legitimate concerns about the exemption at issue.  However, no cases have been identified in which the United States was relieved from publicly identifying the exemption claimed, and the briefing does not adequately explain why the IRS cannot publicly identify the particular exemption at issue.  Identifying the particular exemption does not defeat the exemption or disclose the information that is the subjection of that exemption.  Second, it is unclear why the particular "mechanism" whereby the IRS obtained the Mertes Form 709 document cannot be identified. Identification of the "mechanism," the existence of which is no secret, provides context and support for the particular exemption claimed.  Further, merely identifying the "mechanism" does not reveal any information that is the subject of the exemption being claimed.  Third, it is unclear why the IRS cannot, in general terms, explain the administrative sequence that led the IRS to ask Plaintiff to ratify the Mertes Form 709, even though Plaintiff herself did not file the Mertes Form 709 and the IRS did not provide a copy of the Mertes Form 709 as part of the request to ratify. Fourth, at this point, the Court otherwise agrees that disclosure of further information would likely defeat the point of the particular exemption claimed.

In light of the above, the Court will reset the IRS's motion for summary judgment, but will order the IRS to file a supplement that contains the information described above.[2]  Of course, the

---

[2] Any declarations that may be needed to support the supplement should also be filed.

IRS is free to include any additional information in the supplement that it deems appropriate. Plaintiff will be provided the opportunity to oppose the re-noticed and augmented summary judgment motion, and the IRS will be permitted to file a reply.  The Court finds that it is highly likely that the publicly filed documents by the parties, as well as the *in camera* submissions of the IRS, will be sufficient for the Court to issue an order without the need for a hearing.  However, if the Court finds that a hearing would be helpful after reviewing the submissions of the parties, the Court will set a hearing date at that time.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment (Doc. No. 14) is RENOTICED;
2. Within twenty-one (21) days of service of this order, the IRS shall submit a supplement (as described above) to the re-noticed summary judgment motion;
3. Within fourteen (14) days of service of the IRS's supplement, Plaintiff may file an opposition;
4. Within seven (7) days of service of Plaintiff's opposition, the IRS shall file a reply; and
5. If, after receiving the parties' submissions, the Court determines that a hearing would be helpful, the Court will set a hearing date at that time.

IT IS SO ORDERED.

Dated:   July 24, 2020                                    _____
                                                                            SENIOR  DISTRICT  JUDGE