UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLIE MERTES,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE,<br><br>　　　　　Defendant | CASE NO. 1:19-CV-1218 AWI SKO<br><br>ORDER REGARDING REQUEST FOR CLARIFICATION<br><br>(Doc. No. 29) |

　　This is a 5 U.S.C. § 552 Freedom of Information Act ("FOIA") case brought by Plaintiff Billie Mertes against the United States Internal Revenue Service ("IRS"). Mertes seeks a copy of a United States Gift (and Generation-Skipping Transfer) Tax Form that was used to assess gift taxes against her for the tax year 2012 (the "Mertes Form 709"). The assessed tax was later reversed by the IRS. The IRS acknowledges that the Mertes From 709 exists but claims that a FOIA exception applies (5 U.S.C. § 552(b)(7)) and that disclosure is improper.

　　On July 24, 2020, the Court issued an order for the IRS to publicly file supplemental information after the Court had reviewed various materials *in camera* relating to the FOIA exemption being claimed. See Doc. No. 26. In part, the Court required the IRS to publicly identify which particular sub-exception of § 552(b)(7) applied (since there are 6 subcategories within § 552(b)(7)), to identify the "mechanism" through which the Mertes Form 709 was obtained/came to be in the IRS's possession, and explain the administrative sequence whereby Plaintiff was requested to ratify the Mertes Form 709. See id.

　　On August 25, 2020, an unopposed motion for clarification of the Court's July 24 Order was filed by the IRS. See Doc. No. 29. In pertinent part, the IRS explains that it has released to

1 Plaintiff a redacted form of the Mertes Form 709.  See id.  Written within those redactions, the
2 IRS has asserted "Exemption 3 alongside 26 U.S.C. § 6103(e)(7)."  Id.  The IRS states that, in
3 addition to these publicly identified exemptions, it continues to assert the exemption identified *in*
4 *camera*.  See id. The IRS requests clarification regarding the Court's order to file and/or submit a
5 supplement.  The IRS states that "publicly filed explanations for why the one *in camera*
6 exemption and 'mechanism' cannot be identified and/or administrative sequence of events cannot
7 be described would thwart the specific exemption relied upon by the [IRS]."  See id. at 2:12-14.
8 The IRS is uncertain if the Court is requesting further information *in camera* as to why the
9 exemption should not be disclosed publicly or if the Court is requesting the IRS reveal this
10 information in public filings.  See Doc. No. 29.  The IRS is also unclear as to what the Court
11 intended by the term "mechanism."  See id.  Thus, the IRS requests an order that clarifies what
12 requested information shall be filed publicly and what requested information shall be filed *in*
13 *camera*.  See id.

14     Before addressing the requested clarifications, the Court has concerns regarding the effect
15 of the recently disclosed redacted Mertes Form 709.  If the redacted Mertes Form 709 is
16 acceptable to Plaintiff, then it would seem that there would no longer be a need for this Court to
17 address the merits of any exemption claimed or to possibly issue an order for the production of an
18 unredacted Mertes Form 709 to Plaintiff.  That is, it is possible that production of the redacted
19 Mertes Form 709 has mooted this matter.  The parties will be required to explain their positions
20 regarding the redacted Mertes Form 709 and whether production of that document has effectively
21 mooted Plaintiff's FOIA claim.

22     As for the substance of the request for clarification, the Court is not requesting that any
23 further information be submitted for *in camera* inspection.  First, the IRS is to publicly file on the
24 docket a supplement that identifies the specific sub-category of § 552(b)(7) that was asserted in
25 the *in camera* submissions.  As the Court noted in the July 24 Order, the IRS has cited no cases
26 that would excuse merely identifying publicly the specific sub-exemption of § 552(b)(7) at issue.
27 The *n camera* claimed sub-exemption has been publicly asserted by the United States and publicly
28 cited by courts in literally hundreds of published and unpublished court opinions.  The mere

identification of the claimed sub-exemption does not thwart the exemption. Second, the Court will clarify what it meant by the term "mechanism," but it will do so through reference to documents submitted for *in camera* inspection. In the unredacted motion for summary judgment that was submitted by the IRS, at Page 1 Lines 20 through 22 and Page 5 Lines 16 through 19, the "mechanism" whereby the Mertes Form 709 was obtained/came to be in the IRS's possession is identified. Again, it is the Court's understanding that the existence of this "mechanism" is not a secret and is publicly known. Further, the "mechanism" provides context and support for the § 552(b)(7) sub-exemption being claimed *in camera*.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's unopposed motion for clarification (Doc. No. 29) is GRANTED;
2. The Court issues the following clarifications:
   a. The July 24, 2020 Order does not order the Defendant to submit any further information for *in camera* inspection;
   b. Defendant is to publicly identify the 5 U.S.C. § 552(b)(7) sub-exemption that was claimed through the *in camera* submission;
   c. The term "mechanism" refers to information found at Page 1 Lines 20 through 22 and Page 5 Lines 16 through 19 of the unredacted memorandum in support of summary judgment that was filed by the Defendant *in camera*;
3. As soon as possible, but no later than ten (10) days from service of this order, the parties are directed to meet and confer regarding the effect of the redacted Mertes Form 709 on this case, and in particular whether the production of that document has mooted this case or obviated the need to determine whether any FOIA exemption applies;
4. If the parties can agree as to the effect of the redacted Mertes Form 709, then the parties shall file a joint statement that explains their understanding and agreement within twenty-one (21) days of service of this order;
5. If the parties disagree as to the effect of the redacted Mertes Form 709 on this case, then

the parties shall file simultaneous briefs that explain their individual positions within twenty-one (21) days of service of this order;

6. Within twenty-eight (28) days of service of this order, the IRS shall submit a supplement, consistent with the July 24, 2020 Order and this Order of Clarification, to the re-noticed summary judgment motion;

7. Within fourteen (14) days of service of the IRS's supplement, Plaintiff may file an opposition to the re-noticed summary judgment motion;

8. Within seven (7) days of service of Plaintiff's opposition, the IRS shall file a reply; and

9. If, after receiving the parties' submissions, the Court determines that a hearing on the re-noticed summary judgment would be helpful, the Court will set a hearing date at that time.

IT IS SO ORDERED.

Dated: __August 31, 2020__   _____
SENIOR DISTRICT JUDGE